NOT DESIGNATED FOR PUBLICATION

No. 129,039

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
TAMMY RENEE BOWERS,
*Appellant*,

and

JACKIE LEE COOPER,
*Appellee.*

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Thomas A. Dower*, of Gilliland Green LLC, of Hutchinson, for appellant.

*R. J. Kleinherenbrink*, of Martindell, Swearer, Shaffer, Ridenour, LLP, of Hutchison, for appellee.

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Tammy Renee Bowers—previously Tammy Renee Cooper—appeals the district court's denial of her motion to set aside a separation and property settlement agreement. Bowers argues that the district court lacked sufficient evidence to find that the separation agreement was valid, just, and equitable as required by K.S.A. 23-2712(a), and that the terms of the agreement are ambiguous and thus unenforceable. After reviewing the record, we find no error so we affirm the district court's denial of Bowers' motion.

1

In November 2023, after 10 years of marriage, Bowers petitioned pro se for divorce from Jackie Lee Cooper. By early December 2023, she had retained counsel to represent her. Cooper also retained counsel in early December 2023. His answer and counterpetition denied some of Bowers' allegations but agreed generally that a divorce should be granted due to incompatibility.

Cooper and Bowers filed competing motions for temporary orders about the possession of their marital residence. Cooper alleged that he was living on disability benefits and that Bowers had willingly vacated the residence shortly before filing for divorce. To the contrary, Bowers contended that Cooper had changed the locks to the residence and refused to allow her inside. She also argued that the house was titled in her name only and that she paid the only existing loan against it.

As required under Kansas Supreme Court Rule 139 (2026 Kan. S. Ct. R. at 217), the parties filed domestic relations affidavits. According to these affidavits, Bowers was employed and had a gross monthly income of $2,445. Cooper was unemployed but received $1,137 monthly in disability benefits. For purposes of this appeal, the primary debts and assets addressed in these affidavits included the parties' martial residence and a loan from First Bank Kansas that Bowers had taken against the residence. Bowers valued the house at $70,000 and characterized the loan as a "home improvement" loan for $25,000. Yet Cooper's affidavit valued the residence at $60,000 and identified the loan as a "personal loan" for $20,000.

In December 2023, the district court granted Bowers' request for an immediate divorce, saving all remaining issues, including a final division of the parties' property, for a later hearing. The district court granted Cooper temporary exclusive possession of the

marital residence and ordered him to pay all utilities, insurance, and taxes associated with the home. But it temporarily ordered Bowers to pay the "bank loan which allegedly ha[d] the marital residence as collateral."

The parties avoided a trial and submitted a separation agreement for the district court's approval. The court accepted it and entered an agreed journal entry of judgment. Yet that agreement failed to provide any specific values for the parties' debts and assets. The district court assigned the marital residence to Cooper and ordered him to pay any "mortgages and unpaid taxes thereon and hold [Bowers] harmless from the same." Elsewhere the agreement said the parties would pay their debts individually. As for the loan against the house, Bowers specifically "agree[d] to pay the personal loan with First Bank Kansas that was used to remodel the marital residence." The agreed journal entry also provided that the parties would retain ownership and possession of their personal property, so Bowers would retain ownership of a 2018 Toyota Corolla and three horses.

About six months later, Cooper moved to enforce the agreement. Bowers, who had retained new counsel, responded by moving to set aside the agreed judgment. She sought relief under K.S.A. 60-260(b)(6), which allows a court to vacate a judgment for "any other reason that justifies relief." Bowers stated two reasons: (1) The agreement was ambiguous as to which party owed the roughly $24,000 debt/mortgage against the home; and (2) the evidence failed to show that the agreed division was fair and equitable. As support for the latter claim, Bowers first argued that she was a victim of domestic abuse by Cooper and had entered the agreement simply to separate from him. She also argued that the domestic relations affidavits were insufficient to support the property division. Lastly, she claimed that she "never intended to agree to a division of property that allowed [Cooper] to receive [the] home free of any debt obligation and further deny her any portion of the equity in the home." Bowers included an appraisal that estimated the home's value at $70,890.

3

At the hearing on the parties' opposing motions, Bowers explained that she had taken the $24,000 loan as a home equity line of credit so it was essentially a mortgage against the home. She argued that the terms of the agreement were ambiguous as to who was required to pay that loan balance. She also argued that the division was inequitable and the only evidence of record—the parties' agreement and their domestic relations affidavits—was insufficient to show otherwise.

Cooper broadly contended that Bowers had knowingly agreed to the property division and simply had "buyer's remorse" after retaining new counsel. Cooper claimed that when the parties had negotiated the separation agreement, the loan was not listed as a mortgage—only after the parties approved the agreement did he learn that the loan was secured by a mortgage. Cooper had made sure during negotiations that Bowers knew the loan was her debt and she had agreed to pay it. Cooper added that Bowers worked full-time as a hairdresser in two towns and likely had "a lot of unreported income." Finally, Cooper argued that if the district court granted Bowers any relief, it should simply amend the judgment by splitting the loan debt equally between the parties.

The district court pointed out that the parties' arguments created an "awkward situation" because they had agreed to the division and had been represented by counsel, but the court had no way of knowing what negotiations had led up to the agreement. The district court added that Bowers' attorney had prepared the agreed journal entry and the parties had specifically acknowledged in the agreement that the division was "just, fair, and equitable." Still, the district court decided that the agreement should be amended due to "inconsistencies" about the loan and any existing mortgage on the martial residence. It thus ordered each party to pay half the loan minus whatever amount they had already paid toward the balance.

Bowers timely appeals.

4

DID THE DISTRICT COURT ERR BY NOT SETTING ASIDE THE AGREEMENT?

Bowers first challenges the district court's acceptance of the separation agreement. She argues that the district court failed to properly scrutinize whether the settlement agreement was valid, just, and equitable, as K.S.A. 23-2712(a) requires, before incorporating the agreement into the divorce decree. Bowers claims that the district court erroneously relied only on the parties' assent to the agreement's terms.

*Jurisdiction*

We first address an issue not raised by the parties—our jurisdiction to hear this appeal. "An appellate court exercises unlimited review over jurisdictional issues and has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the court must dismiss the appeal." *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016).

In a divorce, K.S.A. 23-2712(b) strictly limits the district court's ability to modify matters settled by agreement. Generally, any matter settled by an agreement incorporated into a decree, other than matters related to minor children, cannot later be modified by the district court unless prescribed by the agreement or later consented to by the parties. See K.S.A. 23-2712(b); *Bair v. Bair*, 242 Kan. 629, Syl. ¶ 3, 750 P.2d 994 (1988). When, as here, neither exception applies, the district court lacks subject matter jurisdiction to modify the agreement. See *In re Marriage of Johnston*, 54 Kan. App. 2d 516, 529, 402 P.3d 570 (2017) (applying *Bair*, 242 Kan. 629, Syl. ¶ 3).

That said, this court has recognized that K.S.A. 23-2712(b)'s prohibition against modifying a separation agreement does not apply when a party seeks relief under K.S.A. 60-260(b) "within a reasonable time." See *In re Marriage of Meier*, No. 121,497, 2020 WL 4249538, at *5 (Kan. App. 2020) (unpublished opinion); see also *In re Marriage of*

5

*Thomas*, 16 Kan. App. 2d 518, Syl. ¶ 3, 825 P.2d 1163 (1992) ("A trial court has broad discretionary powers under K.S.A. 60-260(b) to . . . modify its initial decree of divorce to remedy an inequitable division of property which was based on a misunderstanding of the true facts."). The district court explicitly found that Bowers' motion, which was filed about six months after the property division order, was filed "within a reasonable time." We agree. We thus find that under the rule acknowledged in *Meier*, the district court had jurisdiction to review Bowers' request for relief under K.S.A. 60-260(b)(6). We thus consider the merits of the claims Bowers raises on appeal.

*Standard of Review*

Parties to a divorce may enter into a marriage separation agreement, "which can detail provisions for maintenance, division of property, custody, support and visitation of the children." 2 Elrod, Kansas Law and Practice: Kansas Family Law § 11:2 (2025-2026 ed.); see *Feldmann v. Feldmann*, 166 Kan. 699, 705-06, 204 P.2d 742 (1949). K.S.A. 23-2712(a) provides that such agreements may be incorporated into a divorce decree. But Bowers correctly argues that the district court must first find that the agreement is "valid, just and equitable." K.S.A. 23-2712(a). The court does this by a two-step process: (1) "[T]he agreement must be a valid contract," and (2) "the agreement must be just and equitable." *In re Marriage of Traster*, 301 Kan. 88, 104, 339 P.3d 778 (2014).

District courts have the duty to carefully scrutinize settlement agreements. *In re Marriage of Kirk*, 24 Kan. App. 2d 31, 32, 941 P.2d 385 (1997) ("'[S]eparation agreements have always been subject to the scrutiny of the courts to prevent fraud and oppression. This is true, of course, and in finding that an agreement is valid, just, and equitable, as required by the statute, the agreement must be carefully scrutinized.'") (quoting *Spaulding v. Spaulding*, 221 Kan. 574, 577, 561 P.2d 420 [1977]). Still, the district court has broad discretion to determine an agreement's fairness and equitability. So appellate courts generally review a district court's finding under K.S.A. 23-2712(a)

that a separation agreement is "valid, just and equitable" for an abuse of discretion. *Traster*, 301 Kan. at 108-09. We do so here.

A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). A district court abuses its discretion "if no reasonable person would agree with the court's decision." *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 261, 452 P.3d 392 (2019). As the party asserting the district court abused its discretion, Bowers bears the burden of showing such abuse. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

### Validity of the Agreement

We first address Bowers' challenge to the validity of the agreement, because that issue is potentially dispositive of this appeal. Bowers is correct that Cooper's and her assent to the agreement—including its term acknowledging that the agreement was valid, just, and equitable—did not relieve the district court of its duty to properly scrutinize the agreement for those qualities. Assent cannot rectify legal deficiencies that render an agreement invalid. See *Kirk*, 24 Kan. App. 2d at 34 (finding that "'mere agreement by the parties does not vitiate the court's duty to scrutinize the settlement agreement, and if the agreement is not valid, just and equitable, the court should reject or alter it'"); *Meg Properties & Investments v. Gilchrist*, No. 106,697, 2012 WL 3630274, at *8 (Kan. App. 2012) (unpublished opinion) ("[A] district court cannot 'by its imprimatur validate a settlement which is otherwise unenforceable.'") (quoting *Cooley v. Cooley*, 90 Ohio App. 3d 706, 708, 630 N.E.2d 417 [1993]). Nor does the freedom to contract overcome the court's obligations in K.S.A. 23-2712. See *In re Marriage of Lozada*, No. 124,235, 2023 WL 4672108, at *5 (Kan. App. 2023) (unpublished opinion) (citing 2 Elrod, Kansas Law and Practice: Kansas Family Law § 11:2).

Regardless of these principles, Bowers does not properly brief her argument about the agreement's invalidity. She does not overtly assert that the agreement was "invalid" as a matter of law because it failed to meet basic rules for contract formation. Bowers also claims that the district court's finding about "inconsistencies" provides "another reason" for setting aside the agreement. Yet Bowers cites no authority to support this argument. We agree that inconsistencies in an agreement can show that the parties did not reach a meeting of the minds on the essential terms of the agreement, as necessary to form a binding contract. See, e.g., *In re Marriage of Rrapaj*, No. 126,386, 2024 WL 3738411, at *6-7 (Kan. App.), *rev. denied* 319 Kan. 834 (2024). But Bowers does not make this argument. True, the district court found "inconsistencies" in the agreement and thus decided to modify it by splitting the loan debt. But by so doing, the district court implicitly found that no inconsistency had prevented the parties from reaching a meeting of the minds on the essential terms of the agreement.

Bowers instead broadly asserts that ambiguities in the agreement rendered it unenforceable. But she does not explain how the agreement's terms are ambiguous. A written contract is not ambiguous until the rules of interpretation are applied to the instrument and there remains a genuine uncertainty which one of two or more meanings is the correct meaning. *Harmon v. Safeco Ins. Co. of America*, 24 Kan. App. 2d 810, 815-16, 954 P.2d 7 (1998). Our courts will not strain to find an ambiguity, when, in common sense, there is none. *Geer v. Eby*, 309 Kan. 182, 192-93, 432 P.3d 1001 (2019); see also *Traster*, 301 Kan. at 105 (finding separation agreements are contracts that courts should liberally construe to carry out the intention of the parties entering the agreements).

And even when ambiguity is found, a district court is not necessarily authorized to alter an agreement. See *Johnston*, 54 Kan. App. 2d at 526 (finding the district court lacked jurisdiction to modify a separation agreement under K.S.A. 23-2712[b] and also stating, "we fail to see how declaring a provision of a separation agreement as ambiguous allows the district court to substantially alter the agreement"). Rather, ambiguity in a

8

contract merely allows the district court to consider parol evidence to determine the parties' intent when entering the agreement. See *Russell v. Treanor Investments*, 311 Kan. 675, 680, 466 P.3d 481 (2020) (If a court "'determines that a written contract's language is ambiguous, extrinsic or parol evidence may be considered to construe it.'"); *In re Marriage of Gerleman*, 56 Kan. App. 2d 578, 589, 435 P.3d 552 (2018) ("Where ambiguity or uncertainty is involved in a written instrument, the parties' intentions are ascertained by considering the language used, the circumstances existing when the instrument was made, the objective of the written instrument, and other circumstances tending to clarify the real intention of the party or parties."). So an ambiguity alone does not generally provide a basis for the court to nullify an agreement. See *Oliver v. Nugen*, 180 Kan. 823, 828, 308 P.2d 132 (1957) (parol evidence competent to clarify intent and purpose of contract, not to nullify it). We apply that general rule here.

To prove that a contract is unenforceable because of ambiguity, the moving party must show more than a slight inconsistency in its terms. The petitioner must instead show the agreement is so ambiguous that the parties' intentions cannot be ascertained. See *Mohr v. State Bank of Stanley*, 244 Kan. 555, 573, 770 P.2d 466 (1989) ("Only reasonable certainty [to the essential terms] is required in a purported contract, but where the purported contract is so vague and indefinite that the intentions of the parties cannot be ascertained, it is unenforceable."); cf. *In re Marriage of Lozada*, 2023 WL 4672108, at *14 (applying *Mohr* and finding ambiguity rendered the contract invalid—"Since the term 'personal property' is ambiguous and therefore cannot be used to capture the assets and debts that were omitted from the agreement, it cannot be said that the parties reached a meeting of the minds regarding the essential terms of the property settlement agreement.").

Bowers does not acknowledge or apply these rules in challenging the agreement's enforceability. So to the extent that Bowers challenges the agreement's validity under contract law, she fails to properly brief the issue. We thus find the argument waived or

abandoned. See *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020) (finding an issue not briefed is deemed waived or abandoned).

*Fairness of the Agreement*

Bowers' primary argument is that the district court lacked sufficient evidence to properly find the agreement just and equitable. Neither Bowers nor Cooper cites any case to support their opposing positions on this issue.

When, as here, an appellant challenges the district court's findings about the "valid, just, and equitable" nature of a separation agreement, our review of the factual findings is limited to determining whether they are supported by substantial competent evidence. See *In re Marriage of Takusagawa*, 38 Kan. App. 2d 401, 403, 166 P.3d 440 (2007).

The district court considered the agreement and the parties' domestic relations affidavits. The agreement shows the parties specifically acknowledged that the division was "fair, just and equitable." Although that acknowledgement is not controlling, it is a relevant factor that need not be discounted. Both parties were represented by counsel when they entered the agreement, and Bowers' attorney prepared the agreed journal entry. And the district court properly considered the parties' agreement to be a valid contract. Nothing about the nature of the agreement or the circumstances under which it was entered points to any unfairness.

And the parties submitted domestic relations affidavits which provided enough information for the district court to determine the overall fairness of the content of the agreement. Bowers concedes that the parties' domestic relations affidavits provided at least some support for finding the agreed division just and equitable. They show that

10

Bowers was employed, yet Cooper remained unemployed due to disability. They provided specific values for Bowers' and Cooper's monthly incomes, the marital home, the First Bank loan, and other assets and liabilities. And according to an assertion in Cooper's appellate brief which Bowers did not contest, the district court also heard testimony from the parties about their debts and assets and Bowers' agreement to pay the loan. When considering a district court's division of property, we do not reweigh the evidence or replace the district court's judgment with our own. *In re Marriage of Knoll*, 52 Kan. App. 2d 930, 935, 381 P.3d 490 (2016).

No doubt the parties' domestic relations affidavits could have been more specific, but based on our review of the record, we find this case comparable to others in which this court found sufficient evidence to support the district court's determination about the fairness of a separation agreement. Cf. *Rrapaj*, 2024 WL 3738411, at *6 (finding sufficient evidence to uphold agreement when the district court had domestic relations affidavits, expert testimony, temporary maintenance worksheets, individual tax returns, and related documents); *In re Marriage of Guthrie-Craig*, No. 113,410, 2016 WL 3128692, at *3 (Kan. App. 2016) (unpublished opinion) (distinguishing *Kirk* and finding sufficient evidence supporting the district court's finding that a separation agreement was just and equitable when the agreement provided specific amounts for the parties' relevant debts and assets); *In re Marriage of Martin*, No. 109,700, 2014 WL 113472, at *7 (Kan. App. 2014) (unpublished opinion) (finding sufficient evidence of fairness when the district court considered a child support worksheet, testimony, and at least one domestic relations affidavit which provided information about the parties' employment and monthly income, values for mortgages and other debts, and health insurance coverage).

We briefly contrast three cases that have found insufficient evidence that a separation agreement was fair and equitable: *Kirk*, 24 Kan. App. 2d at 32-35; *In re Marriage of Lee*, No. 123,508, 2021 WL 5149827 (Kan. App. 2021) (unpublished opinion); and *Meier*. In *Kirk*, the parties' domestic relations affidavits, which were

11

purportedly filed in the district court, were not included in the record on appeal, and no evidence showed the value of the parties' separate businesses. What is more, no property values were listed in the separation agreement. 24 Kan. App. 2d at 32-34. In *Lee*, the parties did not submit domestic relations affidavits or testify about any assets or liabilities. Their separation agreement also lacked values for the major pieces of property at issue. *Lee*, 2021 WL 5149827, at *7. And in *Meier*, the district court considered only the divorce decree and a separate maintenance decree. Yet neither of those documents contained information about the parties' incomes, assets, or other reasons for the agreed division. 2020 WL 4249538, at *4.

The district court considered the agreement and the parties' domestic relations affidavits. Although the domestic relations affidavits here could have been more specific, they provided enough information for the district court to determine the overall fairness of the agreement. The evidence sufficiently supports the district court's determination that the parties' property division agreement is valid, just, and equitable. K.S.A. 23-2712(a).

Bowers does not separately contest the district court's decision to modify the agreement by splitting the remaining balance of the loan evenly between the parties. In making this decision, the district court essentially found the agreement was not fair and equitable as written and thus exercised its authority to alter it. See *Kirk*, 24 Kan. App. 2d at 34 (noting that if the trial court finds an agreement is not valid, just, and equitable, it should reject or alter the agreement). The district court thus partially granted Bowers' request for relief by modifying the agreement as it relates to the loan. Yet Bowers provides no support for her request to reverse the decision not to set aside the entire agreement.

A district court must divide marital property in a just and reasonable manner, but the division need not be equal. See *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697,

12

715, 229 P.3d 1187 (2010). The evidence of record is sufficient to show that the district court divided the property fairly here. We thus find no basis for reversing its judgment.

Affirmed.